IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL M. WOODS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-086-LPS |
| DANA METZGER, et al., | : |
| Defendants. | : |

Daniel M. Woods, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

Victoria R. Sweeney, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Dana Metzger, Sgt. Lawrence, C/O Simpson, and C/O Todd Koch.

Emily Kara Silverstein, Esquire, White & Williams, Wilmington, Delaware. Counsel for Defendants Andrew Gallaher and Eric Neba.

**MEMORANDUM OPINION**

March 1, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Daniel M. Woods ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The case proceeds on excessive force and medical needs claims. (*See* D.I. 16, 17) Before the Court are numerous motions including Plaintiff's combined motion to amend and motion for reconsideration (D.I. 18) and motion for default judgment (D.I. 37) as well as a motion to dismiss and motion to strike filed by Medical Defendants Nurse Andrew Gallaher ("Gallaher") and Nurse Eric Neba ("Neba") (together "Medical Defendants") (D.I. 26, 33).

## II. MOTION TO AMEND

Plaintiff has identified Nurse Jane Doe as RN Blessed Idn ("Idn") and moves to amend to reflect the identification. Plaintiff's motion to amend will be granted. (D.I. 18) The Clerk of Court will be directed to reflect the identification on the court docket.

## III. MOTION FOR RECONSIDERATION

Upon screening of the Complaint, the Court dismissed the state medical negligence claims. (D.I. 16, 17) Plaintiff moves for reconsideration to reinstate the claims. (D.I. 18)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court dismissed Plaintiff's state medical negligence claim due to non-compliance with the Delaware Health Care Negligence Insurance and Litigation Act, 18 Del. C. §§ 6801-6865, as he failed to submit an affidavit of merit as is required by the Act. Plaintiff "believes the required hurdle to reach is burdensome and unobtainable to receive affidavits from outside medical doctors to meet the medical malpractice requirement of submitted such affidavits." (D.I. 18)

Plaintiff's motion for reconsideration fails on the merits because he has not set forth any intervening changes in the controlling law; new evidence; or clear errors of law or fact made by the Court in its screening order dismissing the state medical negligence claims. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, the motion for reconsideration will be denied. (D.I. 18)

## IV. MOTION TO DISMISS

Medical Defendants move to dismiss the claims against them on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies; (2) the Complaint fails to state claims upon which relief may be granted; (3) the declaratory judgment request fails as a matter of law; and (4) the punitive damages request fails as a matter of law. (D.I. 26, 27) Plaintiff opposes and submitted documents in support of his contention that he exhausted his administrative remedies.

The Court begins with the issue of exhaustion as it is dispositive of the claims raised against the Medical Defendants.

### A. Legal Standards

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant

2

is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.*

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d

Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

**B.     Discussion**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The PLRA requires "proper exhaustion," meaning exhaustion of those administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *See Jones v. Bock*, 549 U.S. 199 (2007); *West v. Emig*, 787 F. App'x 812, 814 (3d Cir. 2019); *see also Small v. Camden Cty.*, 728 F.3d 265, 268 (3d Cir. 2013) ("Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff."). Failure to exhaust administrative remedies must be pled and proven by the defendant. *See Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Exhaustion applies only when administrative remedies are "available." *See Ross v. Blake*, 136 S. Ct. 1850 (2016). Administrative remedies are not available when the procedure "operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates," where it is "so opaque that it becomes, practically speaking, incapable of use," or "when

4

prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. "Just as inmates must properly exhaust administrative remedies per the prison's grievance procedures, prison officials must strictly comply with their own policies." *Downey v. Pennsylvania Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020). "When an administrative process is susceptible [to] multiple reasonable interpretations, . . . the inmate should err on the side of exhaustion." *Id.* (internal quotation marks omitted).

Medical Defendants point to Plaintiff's Complaint and argue that Plaintiff did not file sick call slips and never submitted grievances over the care recommended by Medical Defendants. Medical Defendants argue that because Plaintiff did not submit grievances within the seven-day time from the date of the incident, the claims should be dismissed.

Plaintiff commenced this action on January 23, 2020. In the Complaint, he states that he "exhausted his administrative remedies with respect to all defendants." (D.I. 3 at ¶ 69) In his opposition the motion to dismiss, Plaintiff provided documents that indicate he submitted two medical grievances.[2] Grievance #473223, submitted October 27, 2019, that complained about his injuries, numbness in his hands, nerve damage, and a request to see a specialist. (D.I. 29 at 6, 9-11) Plaintiff was advised on March 29, 2020, that his grievance was upheld and that he had fully exhausted all available administrative remedies for this grievance. (*Id.* at 6)

Plaintiff submitted another grievance on June 29, 2020: Grievance #508164, that complained of continued numbness in both hands and not being seen by medical. (*Id.* at 7) As of July 2, 2020, this grievance remained unresolved. (*Id.* at 8)

---

[2] Plaintiff submitted other documents in opposition to the motion to dismiss. (D.I. 32) Medical Defendants move to strike the filing. (D.I. 33) The motion will be granted. The documents are not considered as they are not relevant to the issues raised in the motion to dismiss.

5

The Grievance Process for Healthcare Complaints Policy No. A-10 consists of three steps. (*See* D.I. 27-1) Step one provides for informal resolution. At step two a hearing is held with the medical grievance committee, which makes a recommendation. At step three, the offender appeals the step two recommendation to the Bureau of Healthcare, Substance Abuse, and Mental Health Services ("BHSAMH") bureau grievance officer who submits a recommendation to the BHSAMH bureau chief or designee, who then reviews the recommendation and renders a final decision.

Plaintiff's medical claims were not exhausted prior to the commencement of this action as evidenced by the very documents Plaintiff submitted in opposition to the motion to dismiss. Plaintiff filed the Complaint on January 23, 2020. Plaintiff was advised on March 29, 2020 – two months after he filed the complaint – that Grievance #473223 was upheld and that Plaintiff had fully-exhausted all available administrative remedies for the grievance. Plaintiff submitted Grievance #508164 on June 29, 2020 – some five months after he filed the Complaint – and, as of July 2, 2020, it remained pending. Neither grievance was fully administratively exhausted at the time Plaintiff filed his complaint; therefore, the claims must be dismissed. *See Drumgo v. Radcliff*, 661 F. App'x 758 n.2 (3d Cir. 2016) (citing *Ahmed v. Dragovich*, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (holding that exhaustion must be completed before complaint is filed)).

The Court will grant Medical Defendants' motion to dismiss on the grounds that Plaintiff failed to fully exhaust his administrative claims prior to commencement of this action and will also *sua sponte* dismiss the medical needs claims raised against Medical Defendant Idn for the same reason.

## V. MOTION FOR DEFAULT JUDGMENT

Plaintiff's motion for default judgment will be denied as withdrawn. (D.I. 37) On February 17, 2021, Plaintiff asked the Court to disregard the motion. (D.I. 38)

## VI.    CONCLUSION

For the above reasons, the Court will: (1) grant Plaintiff's motion to amend (D.I. 18); (2) deny Plaintiff's motion for reconsideration (D.I. 18); (3) grant the motion to dismiss filed by Medical Defendants Nurse Andrew and Nurse Eric for Plaintiff's failure to exhaust administrative remedies prior to commencement of this action (D.I. 26); (4) *sua sponte* dismiss Defendant RN Blessed Ida for Plaintiff's failure to exhaust administrative remedies prior to commencement of this action; (5) grant Medical Defendants' motion to strike Plaintiff's exhibit (D.I. 33); and (6) deny as withdrawn Plaintiff's motion for default judgment (D.I. 37).

An appropriate Order will be entered.