IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DANIEL M. WOODS, :
:
      Plaintiff, :
:
v. : Civ. No. 20-086-LPS
:
DANA METZGER, et al., :
:
      Defendants. :

## MEMORANDUM

Plaintiff Daniel M. Woods ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) Several Defendants and claims have been dismissed. (*See* D.I. 16, 17, 39, 40) Remaining is an excessive force claim and failure to take action claim against Defendants Dana Metzger, Sgt. Lawrence, C/O Simpson, and C/O Todd Koch. Plaintiff has filed the following motions: motion for temporary restraining order, motion to compel, letter/motion for reconsideration, motion for protective order, and motion for hearing. (D.I. 45, 46, 47, 53, 54)

### I.    INJUNCTIVE RELIEF

Plaintiff asks the Court to contact the warden or issue a restraining order to stop harassment and racial discrimination. (D.I. 45) He alleges that Delaware Department of Correction staff harass him by constantly shaking down his cell and not finding anything. He alleges his legal papers were thrown in the trash when his cell was searched. He alleges the staff does not allow him to watch the search of his cell. Plaintiff fears he will be set up. Defendants oppose on the grounds that Plaintiff seeks to enjoin non-parties has failed to meet the requirements for injunctive relief.

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). These elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I"). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008).

A party pursuing injunctive relief is confined to arguing the merits of his or her complaint. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006) (injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to plaintiff's underlying claim); *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("to obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint"); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (rejecting injunctive relief motion that raised new assertions that were entirely different from claim raised in complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Plaintiff seeks injunctive relief against a non-party on an issue unrelated to the underlying claims in this case and, therefore, injunctive relief is not appropriate. In addition, Plaintiff's motion fails to meet the requisites for injunctive relief – particularly, Plaintiff failed to demonstrate the likelihood of success on the merits. Therefore, the motion will be denied. (D.I. 45)

## II.  MOTION TO COMPEL

Plaintiff moves to compel defendants to produce photographs of his wounds and a copy of an incident report written by Lt. Kirley and Sgt. Tilman. (D.I. 46) Defendants realized the report was inadvertently omitted in their response to Plaintiff's discovery request and provided it to Plaintiff in April 2021. (D.I. 48) The report included the photographs Plaintiff sought. Therefore, the motion to compel will be denied as moot. (D.I. 46)

## III.  MOTION FOR RECONSIDERATION

Plaintiff seeks reconsideration of the denial of his request for counsel on the grounds that medical staff is retaliating against him and has stopped providing him pain medication. (D.I. 47)

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a

decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *see also* D. Del. LR 7.1.5.

Plaintiff was denied counsel on June 15, 2020. To date, Plaintiff has ably represented himself. In addition, this is not a complex case. Moreover, Plaintiff seeks counsel for reasons unrelated to the underlying litigation. Therefore, the motion will be denied. (D.I. 47)

## IV. MOTION FOR PROTECTIVE ORDER

Plaintiff seeks a protective order to transfer him to a prison in Pennsylvania for safety reasons. (D.I. 53) He asserts that he continues to be attacked mentally and emotionally. He also asserts that the building where he currently housed has an adverse effect on his heart condition.

The Delaware Supreme Court has held that prison officials have discretion to house inmates at the facilities they choose. *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)). In addition, an inmate has no due process right to be incarcerated in a particular institution, whether it be inside the state of conviction or outside that state. *See Olim v. Wakinekona*, 461 U.S. 238, 251 (1983). Finally, the motion seeks relief on issues outside the purview of the Court. "[M]aintaining institutional security and preserving internal order and discipline" are the central goals of prison administration. *Bell v. Wolfish*, 441 U.S. 520, 546 (1979). The Court has no authority to dictate Plaintiff's housing assignment or transfer to another prison. These determinations are made by prison authorities as part of the administration of the prison. Therefore, the Court will deny the motion. (D.I. 53)

## V. MOTION FOR HEARING

Plaintiff requests a combined motion for a hearing, transfer from James T. Vaughn Correctional Center, and request for counsel. (D.I. 54) The request for counsel and motion to

transfer are denied for the reasons set for above. There is no need for a hearing. Accordingly, the motion be denied. (D.I. 54)

## VI. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion for temporary restraining order (D.I. 45), motion to compel (D.I. 46), letter/motion for reconsideration (D.I. 47), motion for protective order (D.I. 53), and motion for hearing (D.I. 54).

An appropriate order will be entered.

March 28, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES CIRCUIT JUDGE